UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. KELSO, ET AL.,<br><br>　　　　　Defendants. | Case No. CV 15-8688-AB (KK)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

# I.

# **INTRODUCTION**

On October 20, 2015, plaintiff Preston Jackson ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Docket No. ("dkt.") 1. Plaintiff alleges that while he was incarcerated at California State Prison - Los Angeles County ("LAC"), he was physically assaulted and sustained severe injuries, including a fractured jaw that required surgery. Compl. at 3. Plaintiff alleges a "faulty" surgery was performed that has caused him, and continues to cause him, pain. Id. Plaintiff alleges he is now in "dire need of Oral Surgery to correct the first faulty surgery." Id. Plaintiff

1

sets forth a lengthy description of his medical treatment and attaches 100 pages of exhibits evidencing his medical history and course of treatment. Compl. at 3-5, 7-117. Plaintiff names the following three defendants in the caption of the Complaint: (1) J. Kelso, Medical Receiver; (2) Ralph B. Waugh, DDS, MD., who performed the initial surgery; and (3) Sudhir Bagga, MD., HCM/CMO, who referred Plaintiff out for the initial surgery. Compl. at 1, 3. Plaintiff also lists as additional defendants in the body of the Complaint, "John Doe 1 -thru- 13 are all Chief Medical Officers of California Department of Corrections and Rehabilitations all under the supervision of J. Kelso, Receivership of CDCR." Compl. at 3.

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds the Complaint subject to dismissal for various deficiencies. However, dismissal will be with leave to amend.

## II.
## LEGAL STANDARD

As Plaintiff is proceeding in forma pauperis, the court must screen the Complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Blantz v. Cal. Dep't of Corrections and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal quotation marks omitted) (noting a plaintiff's factual allegations must "nudge[]"

3

any legal claims "across the line from conceivable to plausible").

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). The Court has "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

### III.
### DISCUSSION

**A.     The Complaint Does Not Unambiguously Identify The Defendants**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, Plaintiff fails to identify whether he is suing defendants Kelso, Waugh, and Bagga in their individual or official capacity. Dkt. 1. Moreover, while defendants Waugh and Bagga appear in the caption of the Complaint and in Plaintiff's description of his medical history, neither is listed as a defendant in the Complaint. Dkt. 1 at 2-3. Plaintiff lists as "additional defendants" "John Doe 1 thru 13 are all Chief Medical Officers of California Department of Corrections and Rehabilitations, all under the Supervision of J. Kelso, Receivership of CDCR" (the "Doe Defendants"), even though there are no doe defendants named in the caption

of the Complaint. Dkt. 1 at 3. The Court is therefore unable to determine whether Plaintiff intended to name defendants Waugh, Bagga, or the Doe Defendants as defendants.

If Plaintiff decides to include any or all of these defendants in an amended complaint, he must clarify exactly who the defendants are and in what capacity they are being sued.

**B.    The Complaint Fails To State A Claim Against Kelso In His Individual Capacity**

Plaintiff names defendant Kelso based upon his supervisory role over the Doe Defendants. Dkt. 1 at 3. However, there is no "supervisory liability" in Bivens actions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). In order to proceed against Kelso, Plaintiff must establish how he had *personal involvement* in the civil rights violations or that his action or inaction caused the harm suffered. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Absent such allegation(s), Plaintiff's claim against Kelso will not be permitted to proceed.

**C.    The Complaint Fails To State A Claim For Deliberate Indifference**

To the extent Plaintiff's allegation that he "will continue to be denied Dental Treatment for the faulty Oral Surgery," can be interpreted as a claim of deliberate indifference to his medical needs, the Complaint does not contain factual allegations sufficient to state such a claim.

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when she acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct.

5

1  2250, 101 L. Ed. 2d 40 (1988).  To assert a deliberate indifference claim, a prisoner
2  plaintiff must show the defendant (1) deprived him of an objectively serious
3  medical need, and (2) acted with a subjectively culpable state of mind.  Wilson v.
4  Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

5       Deliberate indifference "may appear when prison officials deny, delay, or
6  intentionally interfere with medical treatment, or it may be shown by the way in
7  which prison physicians provide medical care."  Jett v. Penner, 439 F.3d 1091,
8  1096 (9th Cir. 2006) (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th
9  Cir. 1988)).  In either case, however, the indifference to the inmate's medical needs
10 must be purposeful and substantial; negligence, inadvertence, or differences in
11 medical judgment or opinion do not rise to the level of a constitutional violation.
12 Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996), cert. denied, 519 U.S.
13 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996); Sanchez v. Vild, 891 F.2d 240,
14 242 (9th Cir. 1989); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344
15 (9th Cir. 1981).  Hence, negligence constituting medical malpractice is not
16 sufficient to establish an Eighth Amendment violation.  Toguchi v. Chung, 391
17 F.3d 1051, 1060 (9th Cir. 2004).

18      Here, to the extent Plaintiff is alleging Waugh or Bagga violated his
19 constitutional rights by performing a "faulty" surgery, this is not sufficient to
20 establish an Eighth Amendment violation.  Further, Plaintiff has not pled facts
21 sufficient to state a claim for deliberate indifference on the basis of the alleged
22 denial of additional surgery.  Nor is it clear who Plaintiff is alleging is responsible
23 for the denial.  Accordingly, the Complaint fails to state a claim for deliberate
24 indifference.
25 ///
26 ///
27
28

### D. The Complaint Fails To Comply With The Pleading Requirements Of Rule 8 Of The Federal Rules Of Civil Procedure

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

In the instant case, it is difficult for the Court to determine the exact nature of Plaintiff's claims. Here, Plaintiff does not specify a date on which the constitutional harm was allegedly committed; nor does he specify what actions were allegedly committed by which actors in order to produce the alleged constitutional harm. Plaintiff explains he was physically assaulted and sustained severe injuries, including a fractured jaw that required surgery. Compl. at 3. However, it does not appear this is the alleged constitutional harm. Bagga referred Plaintiff out for treatment, Waugh performed the surgery, and Plaintiff alleges he is now in "dire need of Oral Surgery to correct the first faulty surgery." Id. Plaintiff then sets forth a lengthy description of his medical treatment and attaches 100 pages of exhibits evidencing his medical history and course of treatment. Compl. at 3-5, 7-117. It is unclear to the Court what action or inaction Plaintiff contends violated his constitutional rights and who violated those rights.

As a result of the Complaint's lack of clarity and specificity, the Court cannot decipher the nature of Plaintiff's claims. Hence, the Complaint does not

give Defendants adequate notice of the legal claims being asserted against them. See McHenry, 84 F.3d at 1176. Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal. Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint must be dismissed. See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the Complaint, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice."). Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

## IV.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff shall have up to and including **December 14, 2015**, to file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey, 693 F.3d at 928.

///
///
///
///
///

9

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: November 13, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge