1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   PRESTON JACKSON,                  ) Case No. CV 15-8688-AB (KK)
                                       )
12              Plaintiff,             )
                                       ) **ORDER DISMISSING FIRST**
13        v.                           ) **AMENDED COMPLAINT WITH**
                                       ) **LEAVE TO AMEND**
14                                     )
     J. KELSO, ET AL.,                 )
15                                     )
                Defendants.            )
16   _____ )

17

18        On December 13, 2015, plaintiff Preston Jackson ("Plaintiff"), proceeding

19   pro se and in forma pauperis, constructively filed a First Amended Complaint

20   pursuant to 42 U.S.C. § 1983 ("FAC").  ECF Docket No. ("dkt.") 11.  Plaintiff

21   alleges that while he was incarcerated at California State Prison - Los Angeles

22   County ("LAC"), a "faulty" dental surgery was performed that requires corrective

23   surgery, which he has been denied.  Id.  Plaintiff sues five defendants: (1) Sudhir

24   Bagga, M.D., HCM/CMO; (2) Ralph B. Waugh, DDS, M.D., who performed the

25   initial surgery; (3) John Doe #1 - Dr. Mokhtari, DDS/SD; (4) John Doe #2 - V.

26   Kumar, DDS; and (5) John Doe #3 - C. Cryer, CEO (collectively, "Defendants").

27   Id. at 3-5.  Plaintiff sues all defendants in their official capacity and also sues Drs.

28

                                        1

1   Bagga, Waugh, and Mokhtari in their individual capacity.

2      After careful review and consideration of the allegations of the FAC under

3   the relevant standards, the Court finds the FAC subject to dismissal for various

4   deficiencies.  However, dismissal will be with leave to amend.

5

6                                            **I.**

7                                  **BACKGROUND**

8   **A.      Original Complaint**

9      On October 20, 2015, Plaintiff filed a civil rights complaint pursuant to 42

10  U.S.C. § 1983 ("Complaint").  Dkt 1.  Plaintiff alleged that while he was

11  incarcerated at LAC, he was physically assaulted and sustained severe injuries,

12  including a fractured jaw that required surgery.  Compl. at 3.  Plaintiff alleged a

13  "faulty" surgery was performed that has caused him, and continues to cause him,

14  pain.  Id.  Plaintiff alleged he is now in "dire need of Oral Surgery to correct the

15  first faulty surgery."  Id.  Plaintiff set forth a lengthy description of his medical

16  treatment and attached 100 pages of exhibits evidencing his medical history and

17  course of treatment.  Id. at 3-5, 7-117.  Ultimately, Plaintiff alleged he "was told

18  that the operation that needed to be done to save his mouth was really expensive (it

19  cost a lot of money to do) and it wasn't no telling if the operation would work or

20  not and no body [sic] wanted to be responsible because if the operation went bad

21  that the whole front of [Plaintiff]'s mouth would go numb permanently."  Compl.

22  at 41.

23     Plaintiff named the following three defendants in the caption of the

24  Complaint: (1) J. Kelso, Medical Receiver; (2) Ralph B. Waugh, DDS, MD., who

25  performed the initial surgery; and (3) Sudhir Bagga, MD., HCM/CMO, who

26  referred Plaintiff out for the initial surgery.  Id. at 1, 3.  Plaintiff also listed as

27  additional defendants in the body of the Complaint, "John Doe 1 -thru- 13 are all

28

1  Chief Medical Officers of California Department of Corrections and

2  Rehabilitations all under the supervision of J. Kelso, Receivership of CDCR." Id.

3  at 3.

4        On November 13, 2015, the Court issued an order dismissing the Complaint

5  with leave to amend for failure to state a claim.  Dkt. 10.  The Court found Plaintiff

6  (1) failed to unambiguously identify the defendants; (2) failed to state a claim

7  against Kelso; (3) failed to state a claim for deliberate indifference; and (4)

8  generally failed to comply with the pleading requirements of Federal Rules of Civil

9  Procedure, Rule 8.  Id.

10 **B.      First Amended Complaint**

11       On December 13, 2015, Plaintiff filed the FAC.  Dkt. 11.  The FAC names

12 five defendants: (1) Sudhir Bagga, M.D., HCM/CMO; (2) Ralph B. Waugh, DDS,

13 M.D., who performed the initial surgery; (3) John Doe #1 - Dr. Mokhtari,

14 DDS/SD; (4) John Doe #2 - V. Kumar, DDS; and (5) John Doe #3 - C. Cryer,

15 CEO.  Id. at 3-5.  All Defendants are sued in their official capacity and Drs. Bagga,

16 Waugh, and Mokhtari are also sued in their individual capacity.  Id.

17       Plaintiff alleges Dr. Waugh performed a "blotch" surgery.  Id. at 3.  Plaintiff

18 further alleges Dr. Waugh "failed to correct the problem and just wrote it off as

19 complete," despite knowing Plaintiff "would eventually be affected with continual

20 episodes of pain and swelling."  Id. at 4, 6.

21       Plaintiff alleges Dr. Bagga contracted Dr. Waugh to perform the oral surgery

22 on Plaintiff.  Id. at 6.  After the surgery, with "knowledge of the blotch surgery,"

23 Bagga had Plaintiff transferred to another institution "to avoid further accessment

24 [sic] of paperwork (Appeals) and Oral Treatment."  Id.

25       Plaintiff alleges Dr. Mokhtari saw him numerous times "with negative

26 results."  Id. at 4.  Plaintiff alleges Dr. Mokhtari failed to administer the treatment

27 recommended by "several Oral Surgeons" or "refer Plaintiff for the appropriate

28

1 Dental Treatment." Id.  Plaintiff further alleges Dr. Mokhtari arranged to transfer

2 Plaintiff to another institution "in an earnest attempt of avoiding continual

3 bombardment of paperwork and oral examinations to correct the faulty work." Id.

4 at 4.

5        As to Kumar and Cryer, Plaintiff only alleges they denied him his "right to

6 Dental Treatment." Id.

7        Plaintiff seeks (a) punitive damages of $500,000, and (b) "injunctive relief . .

8 . to have his dental needs met." Id. at 9.

9

10                                    **II.**

11                            **LEGAL STANDARD**

12        As Plaintiff is proceeding in forma pauperis, the court must screen the FAC,

13 and is required to dismiss the case at any time if it concludes the action is frivolous

14 or malicious, fails to state a claim on which relief may be granted, or seeks

15 monetary relief against a defendant who is immune from such relief.  See 28

16 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.

17 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

18        In determining whether a complaint fails to state a claim for purposes of

19 screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading

20 standard from Rule 8 of the Federal Rules of Civil Procedure as it would when

21 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

22 See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

23        A complaint may be dismissed for failure to state a claim "where there is no

24 cognizable legal theory or an absence of sufficient facts alleged to support a

25 cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

26 (citation and internal quotation marks omitted).  In considering whether a

27 complaint states a claim, "a court must accept as true all allegations of material fact

28

1   and must construe those facts in the light most favorable to the plaintiff."

2   Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal

3   quotation marks omitted).  However, a court need not accept as true "allegations

4   that are merely conclusory, unwarranted deductions of fact, or unreasonable

5   inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)

6   (citation and internal quotation marks omitted).

7       Although a complaint need not include detailed factual allegations, it "must

8   contain sufficient factual matter, accepted as true, to state a claim to relief that is

9   plausible on its face."  Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012)

10   (citations and internal quotation marks omitted); Cook v. Brewer, 637 F.3d 1002,

11   1004 (9th Cir. 2011).  A claim is facially plausible when it "allows the court to

12   draw the reasonable inference that the defendant is liable for the misconduct

13   alleged."  Id. (citation and internal quotation marks omitted).  The complaint "must

14   contain sufficient allegations of underlying facts to give fair notice and to enable

15   the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216

16   (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for

17   relief will . . . be a context-specific task that requires the reviewing court to draw

18   on its judicial experience and common sense."  Blantz v. Cal. Dep't of Corrections

19   and Rehabilitation, 727 F.3d 917, 927 (9th Cir. 2013) (citation and internal

20   quotation marks omitted) (noting a plaintiff's factual allegations must "nudge[]"

21   any legal claims "across the line from conceivable to plausible").

22       "A document filed pro se is to be liberally construed, and a pro se complaint,

23   however inartfully pleaded, must be held to less stringent standards than formal

24   pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct.

25   2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted);

26   Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  The Court has "an

27   obligation where the petitioner is pro se, particularly in civil rights cases, to

28

5

1  construe the pleadings liberally and to afford the petitioner the benefit of any

2  doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal

3  quotation marks omitted). If, however, a court finds that a pro se complaint fails to

4  state a claim, the Court may dismiss the complaint with or without leave to amend.

5  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). A district court's denial of

6  leave to amend is "particularly broad" where a plaintiff fails to cure the

7  deficiencies identified by the court despite being granted multiple opportunities to

8  do so. See Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (internal

9  quotation marks and citation omitted).

10

11                                    **III.**

12                                **DISCUSSION**

13  **A.    Plaintiff Fails To State Official Capacity Claims Against Any Defendant**

14         An "official-capacity suit is, in all respects other than name, to be treated as

15  a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct.

16  3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72,

17  105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d

18  630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally,

19  for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no

20  respondeat superior liability exists under § 1983, a municipality is liable only for

21  injuries that arise from an official policy or longstanding custom. Monell v. Dep't

22  of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.

23  2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct.

24  1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [municipal]

25  employee committed the alleged constitutional violation pursuant to a formal

26  governmental policy or a longstanding practice or custom which constitutes the

27  standard operating procedure of the local governmental entity." Gillette v.

28

1  Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).

2  In addition, he must show the policy was "(1) the cause in fact and (2) the

3  proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911,

4  918 (9th Cir. 1996).

5      Here, Plaintiff's official capacity claims against defendants Bagga, Waugh,

6  Mokhtari, Kumar, and Cryer fail.  FAC at 3-5.  Plaintiff fails to identify any

7  "formal governmental policy or a longstanding practice or custom" pursuant to

8  which Defendants acted.  See Gillette, 979 F.2d at 1346.  Accordingly, Plaintiff's

9  official capacity claims appear to be fatally flawed and subject to dismissal.

10  **B.      Plaintiff Fails To State A Claim For Deliberate Indifference**

11      A prison official or private physician under contract to treat state inmates

12  violates the Eighth Amendment when he acts with "deliberate indifference" to the

13  serious medical needs of an inmate.  Farmer v. Brennan, 511 U.S. 825, 828, 114 S.

14  Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct.

15  2250, 101 L. Ed. 2d 40 (1988).  To assert a deliberate indifference claim, a prisoner

16  plaintiff must show the defendant (1) deprived him of an objectively serious

17  medical need, and (2) acted with a subjectively culpable state of mind.  Wilson v.

18  Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

19      Deliberate indifference "may appear when prison officials deny, delay, or

20  intentionally interfere with medical treatment, or it may be shown by the way in

21  which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091,

22  1096 (9th Cir. 2006) (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th

23  Cir. 1988)).  In either case, however, the indifference to the inmate's medical needs

24  must be purposeful and substantial; negligence, inadvertence, or differences in

25  medical judgment or opinion do not rise to the level of a constitutional violation.

26  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted)

27  cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996); Sanchez v.

28

1  <u>Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon, State Welfare Div.</u>,

2  662 F.2d 1337, 1344 (9th Cir. 1981).  A plaintiff "must show that the course of

3  treatment the doctors chose was medically unacceptable under the circumstances,

4  and . . . that they chose this course in conscious disregard of an excessive risk to

5  plaintiff's health."  <u>Jackson</u>, 90 F.3d at 331.  Hence, negligence constituting

6  medical malpractice is not sufficient to establish an Eighth Amendment violation.

7  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).

8       To the extent Plaintiff is attempting to allege a deliberate indifference claim

9  against Dr. Waugh based on his performing a "faulty" or "blotch" surgery, the

10 Court already explained to Plaintiff this is not sufficient to establish an Eighth

11 Amendment violation.  <u>See</u> Dkt. 10 at 6.

12      To the extent Plaintiff is attempting to allege a deliberate indifference claim

13 against Drs. Bagga, Waugh, or Mokhtari, based on their failure to prove treatment

14 to address the faulty surgery, Plaintiff failed to allege the denial of requested

15 treatment was medically unacceptable under the circumstances.  Plaintiff's

16 allegations in the FAC that Drs. Bagga, Waugh, or Mokhtari had him transferred to

17 other institutions to avoid paperwork could constitute a subjectively culpable state

18 of mind.  However, Plaintiff has failed to allege denial of the surgery was not

19 medically acceptable under the circumstances.  <u>See</u> <u>Jackson</u>, 90 F.3d at 332.

20 Moreover, the allegations and exhibits in the Complaint, which Plaintiff appears to

21 be attempting to incorporate by reference into the FAC,[1] show Plaintiff was denied

22

23     [1]   <u>See</u> <u>Akhtar</u>, 698 F.3d at 1209 (finding a complaint is not necessarily entirely

24 superseded when the amended complaint is filed and requiring court to review
   documents attached to prior pleadings in considering motion to dismiss).

25 However, to ensure Defendants have adequate notice of the legal claims being

26 asserted against them (<u>see</u> <u>McHenry</u>, 84 F.3d at 1176), in amending the FAC,

27 Plaintiff must state each of his claims separately and for each claim should identify
   "clearly and precisely" and briefly the legal basis and the facts underlying it,

28

1  surgery based on cost and the risk that his condition may be made worse by the

2  surgery.[2] <u>See</u> Compl. at 41. In addition, Plaintiff's blanket assertion that

3  Defendants were indifferent to his pain, is belied by his acknowledgment he

4  received over eleven years of treatment. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

5  544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (Rule 8(a) "requires a

6  'showing,' rather than a blanket assertion, of entitlement to relief.").

7      Hence, the FAC fails to state a claim for deliberate indifference against any

8  Defendant in his individual capacity. Moreover, it appears a deliberate

9  indifference claim is fatally flawed, in that it is unlikely Plaintiff will be able to

10  show the denial of surgery was more than merely a difference in medical opinion.

11  <u>Jackson</u>, 90 F.3d at 331. Nonetheless, the Court will dismiss the FAC with leave

12  to amend and, thus, allow Plaintiff one last opportunity to address the deficiencies

13  and attempt to state a claim.

14  **D.      The FAC Fails To State A Claim For Denial Of Due Process**

15      Plaintiff also states he was deprived of due process because he was "denied

16  Dental Treatment everytime [sic] he has filed an Administrative Appeal." FAC at

17

18  _____

19  including attaching any documents upon which Plaintiff relies to state his claims.
   <u>See</u> <u>Bautista v. L.A. Cnty.</u>, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience

20  teaches that, unless cases are pleaded clearly and precisely, issues are not joined,
   discovery is not controlled, the trial court's docket becomes unmanageable, the

21  litigants suffer and society loses confidence in the court's ability to administer

22  justice.").

23      [2]   Exhibits attached to the original Complaint state Plaintiff was denied the
   "recommended surgical intervention" because it was deemed excluded treatment

24  pursuant to Cal. Code Regs. tit. 15, § 3350.1. <u>See</u> <u>e.g.</u>, Compl. at 90-92, 116-18.

25  Cal. Code Regs. tit. 15, section 3350.1 provides that treatment shall not be
   provided when the condition is "not readily amenable to treatment, including, but

26  not limited to, those [conditions] which may be made worse by treatment with

27  conventional medication or surgery . . . ."

28

6.  To the extent Plaintiff alleges Defendants failed to respond adequately to his grievances, these claims fail to state a claim and must be dismissed.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process); Guille v. Sweeney, No. CV 14-51-H-DLC-JTJ, 2015 WL 589408, at *6 (D. Mont. Feb. 11, 2015) (same).

## IV.
## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT within twenty-one (21) days** of the service date of this Order:

1)      Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.  The Clerk of Court is also directed to mail Plaintiff copies of the original Complaint (dkt. 1) and the FAC (dkt. 11).**

2)      If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.**  In addition, the

1  Second Amended Complaint  must be complete without reference to the Complaint

2  or any other pleading, attachment, or document.

3      An amended complaint supersedes the preceding complaint.  Ferdik v.

4  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

5  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

6  Plaintiff leave to amend as to all his claims raised here, any claim that was raised in

7  a preceding complaint is waived if it is not raised again in the Second Amended

8  Complaint.  Lacey, 693 F.3d at 928.

9      The Court advises Plaintiff that it generally will not be well-disposed toward

10  another dismissal with leave to amend if Plaintiff files a Second Amended

11  Complaint that continues to include claims on which relief cannot be granted.  "[A]

12  district court's discretion over amendments is especially broad 'where the court has

13  already given a plaintiff one or more opportunities to amend his complaint.'"

14  Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations

15  omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second**

16  **Amended Complaint with claims on which relief cannot be granted, the**

17  **Second Amended Complaint will be dismissed without leave to amend and**

18  **with prejudice.**

19      **Plaintiff is explicitly cautioned that failure to timely file a Second**

20  **Amended Complaint, or failure to correct the deficiencies described above,**

21  **will result in this action being dismissed with prejudice for failure to prosecute**

22  **and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

23

24

25  DATED: January 7, 2016

       HON. KENLY KIYA KATO
26     United States Magistrate Judge

27

28
                                11